from Thirty-fifth to Thirty-sixth streets in the city of New York.

*Frederick Hulse* for appellants.

*Robert Moers, David L. Podell* and *Charles S. Rosenschein* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

GEISMAN, MUSLINER & BRIGHTMAN, INC., Respondent, *v.* THE ROYAL BANK OF CANADA, Appellant, Impleaded with Others.

*Conversion — pledge — action to recover for the alleged conversion of merchandise — defense that defendant was entitled to goods under agreement pledging them as collateral for loans.*

*Geisman, Musliner & Brightman, Inc.,* v. *Royal Bank of Canada,* 213 App. Div. 818, affirmed.

(Argued December 8, 1925; decided January 12, 1926.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 2, 1925, unanimously affirming a judgment in favor of plaintiff entered upon a verdict directed by the court. The action was to recover for the alleged conversion by defendant, appellant, of four cases of leather which had been delivered by plaintiff at a warehouse for the account of a purchaser and a negotiable warehouse receipt issued to said purchaser to whom also plaintiff delivered an invoice in triplicate. The same warehouse thereafter received for the account of the same purchaser eight other cases and issued to him another receipt. This last receipt he delivered to defendant bank as collateral for a loan and he attached thereto one of the triplicate invoices he had received from plaintiff and an invoice for four cases received from another party. Thereafter, the purchaser not having paid plaintiff for its goods, he agreed to return them and for that purpose delivered the warehouse receipt therefor to plaintiff, who after inspecting the merchandise and finding it intact

left it at the warehouse for storage, surrendering the negotiable receipt and receiving therefor a non-negotiable receipt and paying storage charges in advance. The defendant thereafter took possession of the four cases and removed them to another warehouse alleging that it was entitled to possession of the goods as pledgee.

*George Zabriskie* for appellant.

*Charles A. Rathkopf* and *Joseph G. Grauer* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

ANNA WARNER, Respondent, *v.* HENRY DOSCHER et al., Individually and as Executors of CLAUS DOSCHER, Deceased, Appellants.

*Vendor and purchaser — real property — title — auction sale of real property " free and clear of all encumbrances "— action to recover deposit on ground that unpaid transfer tax upon estate of former owner and existing tenancies were " incumbrances."*

*Warner* v. *Doscher*, 213 App. Div. 117, affirmed.

(Argued December 8, 1925; decided January 12, 1926.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 15, 1925, affirming a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury. The action was to recover moneys paid by plaintiff's assignor as a part of the purchase price of four buildings bid in by said assignor at an auction sale conducted by the defendants, as executors of the estate of Claus Doscher, deceased. The terms of sale provided: " Title to the premises will be conveyed by an executors' deed free and clear of all encumbrances." The assignor refused to take title on the ground that the estate of Claus Doscher was subject to a transfer tax which had not been fixed or paid, and upon the further ground that existing tenancies of the property constituted incumbrances thereon.